UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ARNOLD RAUTIO | CIVIL ACTION NO. 07-cv-1562 |
| VERSUS | JUDGE STAGG |
| US COMMISSIONER SOCIAL SECURITY ADMINISTRATION | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

**Introduction**

Arnold Rautio ("Plaintiff") has a GED and more than 20 years work experience in the military as a security policeman and other positions. He alleges that he became disabled within the meaning of the Social Security Act in August of 2004 due to neck and back pain, hypertension, and other health problems. Plaintiff was 42 years old when ALJ Osly Deramus denied his claim. The Appeals Council denied a request for review, which made the ALJ's decision the final decision of the Commissioner. Plaintiff then filed this civil action seeking the limited judicial review that is available under 42 U.S.C. § 405(g).

**Summary of the ALJ's Decision**

The ALJ analyzed the claim pursuant to the five-step sequential analysis set forth in 20 C.F.R. § 404.1520 and described in Barnhart v. Thomas, 124 S.Ct. 376, 379-80 (2003). See also Perez v. Barnhart, 415 F.3d 457, 461 (5th Cir. 2005). He found that Plaintiff was not engaged in substantial gainful activity (step one). He then reviewed the testimony and medical evidence and found that Plaintiff had obesity, hypertension, and degenerative disc

disease, impairments that are severe within the meaning of the regulations (step two) but not severe enough to meet or medically equal a listed impairment (step three) that would require a finding of disabled no matter the age, education or work experience of the applicant. The ALJ then assessed the evidence and found that Plaintiff retained the residual functional capacity ("RFC") to perform light work activity.[1]

Vocational expert ("VE") Mary Walker heard testimony from Plaintiff about the demands of his prior work. That work was described as medium to heavy in nature. The VE opined, and the ALJ accepted, that a person with Plaintiff's RFC, age, education, and work experience could not perform his past relevant work (step four). Tr. 586-98.

At step five of the analysis, the burden shifts to the Commissioner to show that there are other jobs available in significant numbers in the economy that a claimant could perform. The VE testified that Plaintiff had transferrable work skills, such as knowledge of laws and regulations, that would transfer to the job of police lieutenant, which is classified as light in the Dictionary of Occupational Titles. The VE also identified jobs such as cashier II or telephone quotation clerk, that could be performed by a person in Plaintiff's condition. Tr. 598-600. The ALJ acknowledged this testimony in his written decision, but it appears that

---

[1]Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though a job may require lifting of only very little weight, it will still be classified as light rather than sedentary if it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. A person must have the ability to do substantially all of these activities to be found capable of performing the full range of light work. 20 C.F.R. §§ 404.1567(b).

he primarily based his step-five decision of "not disabled" on the result directed by Medical-Vocational Rule 202.22. Tr. 65-66.

**Issues**

Plaintiff's counsel argues in his brief that reversal is required because the VE testified in response to counsel's questions that there were not jobs available that Plaintiff could perform. Counsel also urges that Plaintiff could not pass the physical fitness requirements to become employed as a policeman and rise through the ranks. Plaintiff himself filed a *pro se* letter (Doc. 10) in which he summarized his medical problems, generally urged that he is disabled, and pointed out a factual mistake in the ALJ's written decision.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

Plaintiff testified that he worked more than 20 years in the Air Force as a security officer and in the family support center. He retired after his medical problems made it more and more difficult to perform his job.

By 2004, Plaintiff complained of low back pain with radiation to his legs, and neck pain with radiation of pain, numbness, and tingling in his arms. An MRI showed degenerative changes of the cervical spine at C6-7. Dr. Donald Smith performed an anterior cervical diskectomy with fusion at the C6-7 level. Tr. 320-27. The neurosurgeon examined Plaintiff two months later. Flexion and extension x-rays of the spine showed good early healing. Plaintiff reported that his arm pain was much relieved, but he had some remaining cervical stiffness and pain. The physician discussed with Plaintiff the use of a cervical collar, from which he would be gradually weaned. Tr. 328.

Plaintiff was treated by Dr. Sudar Tanga, a pain management physician, in 2005 and 2006 (the year of the ALJ's decision). Dr. Tanga's physical examinations included negative straight leg raise tests and findings of no motor deficit. Dr. Tanga repeatedly encouraged Plaintiff to be active and try to lose weight (Plaintiff was five foot ten inches tall and weighed about 250 pounds). Plaintiff was given lumbar epidural steroid injections that Plaintiff said afforded some weeks of temporary relief. Tr. 561-71.

An MRI of the spine in August 2006 showed a bony bar formation at C7-T1, which caused moderate encroachment on the right neural foramen. Other disc levels were "normal

with no herniated disc or degenerative bony spurring." Tr. 558.[2] Plaintiff's hearing was in September 2006. The next month, October 2006, Plaintiff underwent a second surgery to relieve pain from the condition at C7-T1. The foraminotomy and decompression was judged successful. The latest post-op report from January 2007 stated that Plaintiff reported that 80% of his pain was gone, but he still had some tingling and difficulty with fine motor movements in his upper extremities. Tr.. 7-18. The records of this surgery were not filed until the case was before the Appeals Council. That body specifically considered the records and found they did not warrant changing the ALJ's decision. Tr. 4-5.[3]

Plaintiff also suffered from hypertension and glaucoma, but both conditions were successfully treated with medication. Plaintiff's blood pressure was consistently within normal ranges, and his vision was normal in both eyes. Testing showed that Plaintiff had mild obstructive sleep apnea, for which he used a C-PAP machine, but Plaintiff did not complain of unrefreshed sleep or appear to be groggy.

The ALJ, once the VE testified that Plaintiff could not perform his past relevant work, asked a series of hypothetical questions about whether there are jobs available to a person who meets certain conditions. The assumptions included age 42, high school equivalency

---

[2] An MRI of the right knee, an EMG, and a nerve conduction study yielded normal results.

[3] The Commissioner's final decision, the decision that is to be reviewed by the courts, includes the Appeals Council's denial of a request for review and requires the court to consider (in determining whether there is substantial evidence to support the decision) evidence that was submitted for the first time to the Appeals Council. Higginbotham v. Barnhart, 405 F.3d 332 (5th Cir. 2005).

education, and certain transferrable work skills. The VE identified jobs that could be performed by a person meeting those conditions and with an RFC for light work. She also identified jobs that such a person could perform if they were capable of only sedentary work and subject to additional physical limitations. It was only when the ALJ added to the limitations a requirement of a sit/stand option, the ability to take breaks at will, and the need to miss at least one day per week because of illness that the VE testified there would not be available jobs. Tr. 596-601. Cross examination did not yield any different answers. Tr. 601-03.

Counsel argues on appeal that the VE testified that there were no jobs available to Plaintiff "based on the totality of his medical condition." That would be correct only if the ALJ had found Plaintiff capable of only sedentary work and with the additional limitations mentioned in one of the hypothetical questions, but the ALJ found that Plaintiff had an RFC for the full range of light work. Accordingly, the question referenced by Plaintiff in support his appeal is not relevant.

Furthermore, the ALJ discussed the VE's testimony with regard to his step-five decision, but he principally based the decision on Rule 202.22. The Commissioner may rely exclusively on the a rule found in the Guidelines to satisfy his step-five burden if the claimant is capable of performing the full range of a category of work and has no non-exertional impairments that significantly affect his RFC. Fraga v. Bowen, 810 F.2d 1296, 1304 (5th Cir. 1987). The ALJ found that Plaintiff could perform the full range of light work

and did not suffer from non-exertional impairments that would preclude the use of the Guidelines. At the time of the ALJ's decision, Plaintiff was a younger individual between the ages of 18 and 44, had a high school equivalent education, and transferrable skills from skilled work. Rule 202.22 directs a conclusion that such a person with an RFC to perform light work is not disabled. That rule automatically satisfies the ALJ's step-five burden (without regard to the VE's testimony).

Plaintiff writes that he received a VA determination of 90% disability in April 2005. A VA rating of even total and permanent disability is not binding on the Commissioner because the rules applied by the two agencies are different, but such a finding is entitled to a certain amount of weight and must be considered by the ALJ. Chambliss v. Massanari, 269 F.3d 520, 522 (5th Cir. 2001). The VA's decision is in the record (Tr. 103-38), and the ALJ made note of the finding in his written decision. Tr. 61. There does not appear to be any basis for judicial relief in this regard.

Plaintiff also writes that the agency must have confused his case with someone else's. He complains that the ALJ wrote in his discussion of the listings that there was no evidence of nerve root compression. Plaintiff says that and a herniated disc were the reasons he had surgery. The ALJ did not contend Plaintiff never had those problems rather, he determined from the medical records that those problems were alleviated by the surgeries. The 2006 MRI of the spine and the alleviation of pain by the 2006 neck surgery support the ALJ in this regard.

The ALJ, in discussing Plaintiff's daily activities, noted that Plaintiff was able to perform his personal care, cook, visit casinos, perform household chores, drive, run errands, do light yard work, and the like. The ALJ also mentioned that Plaintiff could golf and bowl. Plaintiff complains that the ALJ wrongly stated that he could bowl, golf, and line dance. The court sees the ALJ's reference to bowling and golf but has not found a statement by the ALJ that Plaintiff could line dance. See Tr. 63.[4]

Plaintiff is correct that the ALJ's remark that Plaintiff could bowl and golf appears to be mistaken. Plaintiff wrote in his Function Report that his hobbies included golf, working on cars, and bowling, but Plaintiff made clear (a few lines down the page) that because of his medical condition, "I can't bowl or play golf" anymore, and he said that his son now helps him with heavy things when he works on cars. Tr. 99. Plaintiff also testified at his hearing that he could not bowl (or country music dance). Tr. 591.

Plaintiff appears to be correct that the ALJ made a mistake when he wrote that Plaintiff continues to golf and bowl. However, the other daily activities admitted by Plaintiff and the medical evidence are adequate to provide substantial evidence for the ALJ's finding of an RFC for light work. It is regrettable that the mistake was made, but it is not serious enough to deprive the decision of substantial evidence and warrant the court to order additional administrative proceedings. See Mays v. Bowen, 837 F.2d 1362, 1364 (5th

---

[4] Counsel argued to the Appeals Council that the transcript of the hearing contained errors about the activities testimony. Tr. 55. It is not know whether any changes or corrections were made before the case reached this court.

Cir.1988) ( "Procedural perfection in administrative proceedings is not required") and Morris v. Bowen, 864 F.2d 333, 335-36 (5th Cir.1988) (applying harmless error standard in social security case). See also Palomo v. Barnhart, 154 Fed.Appx. 426, n. 13 (5th Cir. 2005).

**Conclusion**

The evidence shows that Plaintiff has serious health problems that cause him significant limitations, and the ALJ did not ignore those facts. Rather, he found that Plaintiff is so limited that he can perform no more than light work, which involves lifting no more than 20 pounds. Plaintiff's testimony about his ability to sit and stand is at odds with objective medical findings pointed to by the ALJ, and the ALJ's assessment of credibility and the debilitating effect of subjective systems such as pain are entitled to judicial deference. Johnson v. Bowen, 864 F.2d 340, 347 (5th Cir. 1988); Falco v. Shalala, 27 F.3d 160, 164 (5th Cir. 1994). Reasonable minds could perhaps differ on the extent of Plaintiff's pain and limitations, but the ALJ made a reasoned decision based on a reasonable interpretation of the evidence. The decision is not subject to judicial reversal under the deferential substantial evidence standard of review.

Accordingly;

**IT IS RECOMMENDED** that the Commissioner's decision to deny benefits be affirmed and that Plaintiff's complaint be dismissed with prejudice.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 9th day of July, 2008.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE